UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | CASE NO. 13-CR-6042-EFS |
|---|---|
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE** |
| v. | |
| ANTONIO MENDOZA MENDOZA, | |
| Defendant. | |

Before the Court, without oral argument, is Defendant Antonio Mendoza Mendoza's Motion to Reduce Sentence, ECF No. 60, and related *pro se* motion, ECF No. 55. The United States Attorney's Office (USAO) opposes the motions. ECF No. 61. Defendant was sentenced on December 17, 2013, to 36 months imprisonment, ECF No. 49, and Judgment was entered, ECF No. 50. Defendant now moves the Court under 18 U.S.C. § 3582 to reduce his sentence pursuant to Amendment 782 to the U.S. Sentencing Guidelines.

Amendment 782 reduced the base offense level in the Guidelines' drug quantity tables by two levels. *See* U.S.S.G. § 2D1.1(c). Under Section 1B1.10 of the Guidelines, the Court may reduce a defendant's term of imprisonment if the applicable Guideline range has been lowered by an amendment to the Guidelines *so long as* the defendant

ORDER - 1

does not receive an imprisonment sentence that is less than the minimum of the amended Guideline range. U.S.S.G. § 1B1.10(b)(2)(A); *see United States v. Davis*, 739 F.3d 1222, 1225-26 (9th Cir. 2014) (upholding the Sentencing Commission's low-end-of-Guideline-range limitation on retroactive sentencing reductions); *United States v. Tercero*, 734 F.3d 979, 982-84 (9th Cir. 2013) (same).

Defendant's original Sentencing Guideline range was 45-57 months. Statement of Reasons, ECF No. 51. Defendant's Guideline range after Amendment 782's two-level base-offense-level reduction is 37-46 months. ECF No. 60. Notwithstanding a reduction in the applicable Guideline range, Guideline policy statement § 1B1.10(b)(2)(A) and Application Note 3 thereto remove the Court's ability to lower an imprisonment sentence if the imposed sentence was less than the low end of the amended Guideline range. Although the Court finds Defendant's arguments persuasive and agrees that application of § 1B1.10(b)(2)(A) and Application Note 3 leads to an illogical and unfair result in this case, the Court nevertheless feels constrained by the Guidelines and the Ninth Circuit's interpretation of them. *See Davis*, 739 F.3d at 1225-26; *Tercero*, 734 F.3d at 982–84. Because Defendant's imprisonment sentence is 36 months, which is one month less than the low end of the amended Guideline range, Defendant is not eligible for a sentence reduction.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Reduce Sentence, **ECF No. 60**, is **DENIED**.

2. Defendant's *pro se* Motion to Reduce Sentence, **ECF No. 55**, is **DENIED**.

ORDER - 2

3.   Defense counsel is **DISCHARGED** of further representation in this matter.

4.   This file shall be **CLOSED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Defendant, all counsel, and the U.S. Probation Office.

**DATED** this  24th  day of June 2015.

```
                    s/Edward F. Shea
                     EDWARD F. SHEA
            Senior United States District Judge
```

Q:\EFS\Criminal\2013\6042.deny.mot.reduc.sent.lc2.docx

ORDER - 3